**Document Filed Electronically**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SKINSCIENCE LABS, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Docket: 2:11-cv-05361-SJF-ARL |
| v. | : | |
| | : | District Judge Sandra J. Feuerstein |
| MICHAEL A. MCNULTY, JOHN F. MCNULTY, LAUREN N. MCNULTY, NICOLE R. MCNULTY, BLUESTAR PROCESSING, INC., CASMIR USA, INC., SUMMA TRADING COMPANY INC., MARVIN LEEDS MARKETING SERVICES INC., MORRIS MOSHE PRIZANT, and ELISSA D. PELUSO, | : | Magistrate Judge Arlene R. Lindsay |
| Defendants. | : | |

## PLAINTIFF'S PROPOSED JURY CHARGE

TO THE HONORABLE SANDRA J. FEUERSTEIN, U.S.D.J.:

In accordance with the Individual Rules of Hon. Sandra J. Feuerstein, U.S.D.J., section 6.B.i., Plaintiff SKINSCIENCE LABS, INC. ("SkinScience") respectfully submits the following Proposed Jury Charge regarding the elements of its claims.

## I.   INSTRUCTIONS ON LIABILITY

A.   <u>**Trademark Infringement Under Federal Law**</u>

SKINSCIENCE LABS, INC., as the Plaintiff, has alleged a claim against MICHAEL A. MCNULTY, JOHN F. MCNULTY, LAUREN N. MCNULTY, NICOLE R. MCNULTY, BLUESTAR PROCESSING, INC., CASMIR USA, INC., and MARVIN LEEDS MARKETING SERVICES INC., as the defendants, for trademark infringement under federal law.  Specifically, SkinScience claims that the goods sold by the defendants were counterfeits under federal law. Defendants deny such claims.

To prove a claim for trademark infringement under federal law, SkinScience must prove by a preponderance of the evidence, that:

1.   SkinScience is the owner of a valid trademark; and

2.   Defendants used the SkinScience's trademark in commerce, without consent, in a way likely to cause consumer confusion.

*Church & Dwight Co., Inc. v. Kaloti Enters. of Michigan, LLC,* 697 F. Supp. 2d 287, 290-91 (E.D.N.Y. 2009); 15 U.S.C. § 1114(1).  SkinScience does not need to prove that the defendants intended to infringe or had knowledge that the products they were selling might infringe or be counterfeit.  *Church*, 697 F. Supp. 2d at 291.

Once a trademark is registered with the U.S. Patent & Trademark Office, the registration carries a rebuttable presumption of validity.  *CJ Prods. LLC v. Snuggly Plushez LLC*, 809 F. Supp. 2d 127, 151 (E.D.N.Y. 2011).  Thus, SkinScience may rely upon the certificates of registration of each trademark as the sole evidence that it owns the trademarks, and that each trademark is valid.  15 U.S.C. § 1057(b).

To assess whether the defendants' use of SkinScience's mark was likely to cause confusion, you may consider the following factors.  These factors are not exclusive, and your

determination of likelihood of confusion make take other evidence into account. Similarly, the absence of any one factor does not mean that likelihood of confusion is lacking.

1. The strength of the SkinScience's mark;

2. The degree of similarity between the SkinScience's marks and those used by the defendants;

3. The proximity of SkinScience's and the defendants' products in the marketplace, and their competitiveness with one another;

4. The existence of actual confusion among consumers;

5. The likelihood of the SkinScience "bridging the gap" by developing or introducing a product for sale in the markets in which the defendants were selling their products;

6. The defendants' good faith in adopting its mark;

7. The quality of the defendants' products;

8. The sophistication of the consumers.

*Johnson & Johnson Consumer Cos., Inc. v. Aini*, 540 F. Supp. 2d 374, 389 (E.D.N.Y. 2008) (citing *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961)).

In the present case, the SkinScience claims not only that the products sold by the defendants were confusingly similar, but that they were counterfeit. To prove that the products were counterfeit, SkinScience must show that the defendants' products were not genuine. *El Greco Leather Prods. Co. v. Shoe World, Inc.*, 806 F. 2d 392, 396 (2d Cir. 1986); *Johnson & Johnson*, 540 F. Supp. 2d at 387.

SkinScience may prove that a product sold by a defendant was not genuine, and therefore was counterfeit, by simply showing that SkinScience did not make the product in question.

SkinScience may also prove that goods sold by the defendants were not genuine, and therefore were counterfeit, if they originated from SkinScience, but when sold, differed materially from SkinScience's authorized products. *Dan-Foam A/S v. Brand Name Beds, LLC*, 500 F. Supp. 2d 296, 308-09 (S.D.N.Y. 2007); *Johnson & Johnson*, 540 F. Supp. 2d at 384-85. In this context, a material difference is any difference that consumers would likely consider to be relevant when purchasing the allegedly counterfeit product. *Johnson & Johnson*, 540 F. Supp. 2d at 385.

B. **False Designation Of Origin And Unfair Competition Under Federal Law**

SKINSCIENCE LABS, INC., as the Plaintiff, has alleged a claim against MICHAEL A. MCNULTY, JOHN F. MCNULTY, LAUREN N. MCNULTY, NICOLE R. MCNULTY, BLUESTAR PROCESSING, INC., CASMIR USA, INC., and MARVIN LEEDS MARKETING SERVICES INC., as the defendants, for false designation of origin and unfair competition under federal law. Defendants deny such claims.

A claim of false designations of origin and unfair competition under federal law requires the same showing as SkinScience's claim for trademark infringement under federal law. *Pretty Girl, Inc. v. Pretty Girl Fashions, Inc.*, 778 F. Supp. 2d 261, 266 n.3 (E.D.N.Y. 2011) (citing *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 148 (2d Cir. 2003) (citing *Time, Inc. v. Petersen Publ'g Co. L.L.C.*, 173 F.3d 113, 117 (2d Cir. 1999))). Therefore, if you find for or against SkinScience on the federal trademark infringement claim, you must make the same finding for or against the SkinScience on the federal false designations of origin and unfair competition claim. For this reason, the verdict form does not distinguish between the two federal law claims.

C. **Trademark Infringement And Unfair Competition Under State Common Law**

SKINSCIENCE LABS, INC., as the Plaintiff, has alleged a claim against MICHAEL A. MCNULTY, JOHN F. MCNULTY, LAUREN N. MCNULTY, NICOLE R. MCNULTY,

4

BLUESTAR PROCESSING, INC., CASMIR USA, INC., and MARVIN LEEDS MARKETING SERVICES INC., as the defendants, for trademark infringement and unfair competition under the New York common law. Defendants deny such claims.

A claim of trademark infringement and unfair competition under New York common law requires the same showing as SkinScience's claim for trademark infringement under federal law, and in addition, that the defendants acted in bad faith. *FragranceNet.com, Inc. v. FragranceX.com, Inc.*, 493 F. Supp. 2d 545, 548 (E.D.N.Y. 2007); *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005).

Therefore, if you find for SkinScience on the federal trademark infringement claim, and if you find that any defendant acted in bad faith, then you must find in favor of SkinScience on its claim of trademark infringement and unfair competition under New York common law as to that defendant.

GIVEN on the ____ day of February, 2013.

_____
The Honorable Sandra J. Feuerstein
United States District Judge

3006119_1.DOC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SKINSCIENCE LABS, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Docket: 2:11-cv-05361-SJF-ARL |
| v. | : | |
| | : | District Judge Sandra J. Feuerstein |
| MICHAEL A. MCNULTY, JOHN F. MCNULTY, LAUREN N. MCNULTY, NICOLE R. MCNULTY, BLUESTAR PROCESSING, INC., CASMIR USA, INC., SUMMA TRADING COMPANY INC., MARVIN LEEDS MARKETING SERVICES INC., MORRIS MOSHE PRIZANT, and ELISSA D. PELUSO, | : | Magistrate Judge Arlene R. Lindsay |
| | : | |
| Defendants. | : | |
| | x | |

## **VERDICT FORM**

Unless instructed otherwise, answer "Yes" or "No" to all questions. Unless otherwise instructed, the Plaintiff bears the burden of proof by a preponderance of the evidence on its respective claims. In answering such questions, a "Yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports an answer of "Yes," then answer "No." Whenever a question requires other than a "Yes" or "No" answer, your answer must be based on a preponderance of the evidence, unless instructed otherwise. As explained in the charge, the term "preponderance of the evidence" means the claim is more likely true than not true.

Questions 1-2 pertain to claims asserted by SKINSCIENCE LABS, INC. against MICHAEL A. MCNULTY, JOHN F. MCNULTY, LAUREN N. MCNULTY, NICOLE R. MCNULTY, BLUESTAR PROCESSING, INC., CASMIR USA, INC., and MARVIN LEEDS MARKETING SERVICES INC.

Question No. 1

Do you find by a preponderance of the evidence that SKINSCIENCE LABS, INC. has proven that the following defendants are liable for trademark infringement, false designations of origin, and unfair competition under federal law as to the "DR. DENESE NEW YORK" mark (U.S. Trademark Reg. No. 3,028,108), as to the "DR. DENESE" mark (U.S. Trademark Reg. No. 3,287,587), and as to the as to the "DENESE" mark (U.S. Trademark Reg. No. 3,923,601), by virtue of their offering for sale, selling, or distributing of the following products?

[See liability instruction I.A & I.B]

**Dr. Denese Doctor's Night Recovery Cream (2 oz.)**

| | | | |
|---|---|---|---|
| MICHAEL A. MCNULTY | Answer: ____ Yes | ____ No |
| JOHN F. MCNULTY | Answer: ____ Yes | ____ No |
| LAUREN N. MCNULTY | Answer: ____ Yes | ____ No |
| NICOLE R. MCNULTY | Answer: ____ Yes | ____ No |
| BLUESTAR PROCESSING, INC. | Answer: ____ Yes | ____ No |
| CASMIR USA, INC. | Answer: ____ Yes | ____ No |
| MARVIN LEEDS MARKETING SERVICES INC. | Answer: ____ Yes | ____ No |

**Dr. Denese Age Corrector Fill & Seal Instant Eye Firming Treatment (2 x 0.5 fl. oz.)**

| | | | |
|---|---|---|---|
| MICHAEL A. MCNULTY | Answer: ____ Yes | ____ No |
| JOHN F. MCNULTY | Answer: ____ Yes | ____ No |
| LAUREN N. MCNULTY | Answer: ____ Yes | ____ No |
| NICOLE R. MCNULTY | Answer: ____ Yes | ____ No |
| BLUESTAR PROCESSING, INC. | Answer: ____ Yes | ____ No |
| CASMIR USA, INC. | Answer: ____ Yes | ____ No |
| MARVIN LEEDS MARKETING SERVICES INC. | Answer: ____ Yes | ____ No |

3006119_1.DOC

**Dr. Denese Triple Strength Neck Wrinkle Smoother (4 oz.)**

| | | | | |
|---|---|---|---|---|
| MICHAEL A. MCNULTY | Answer: | _____ | Yes | _____ No |
| JOHN F. MCNULTY | Answer: | _____ | Yes | _____ No |
| LAUREN N. MCNULTY | Answer: | _____ | Yes | _____ No |
| NICOLE R. MCNULTY | Answer: | _____ | Yes | _____ No |
| BLUESTAR PROCESSING, INC. | Answer: | _____ | Yes | _____ No |
| CASMIR USA, INC. | Answer: | _____ | Yes | _____ No |
| MARVIN LEEDS MARKETING SERVICES INC. | Answer: | _____ | Yes | _____ No |

**All of the following:**

**Dr. Denese Triple Strength Neck Wrinkle Smoother (0.5 oz.);**
**Dr. Denese Smart Concealer Duo Compact for Face and Eyes (.21 oz. eye / .27 oz. face);**
**Dr. Denese Smart Concealer Duo Compact for Face and Eyes (.05 oz. eye / .07 oz. face);**
**Dr. Denese Foundation Faker Cream Compact (0.35 oz.);**
**Dr. Denese HydroShield Dream Cream (3.4 oz.);**
**Dr. Denese HydroSeal Hand & Decollete Serum (3 oz.);**
**Dr. Denese Wrinkle Rx Instant Wrinkle Press (0.5 oz.);**
**Dr. Denese SPF 30 Neck Defense Day Cream (2 oz.);**

| | | | | |
|---|---|---|---|---|
| MICHAEL A. MCNULTY | Answer: | _____ | Yes | _____ No |
| JOHN F. MCNULTY | Answer: | _____ | Yes | _____ No |
| LAUREN N. MCNULTY | Answer: | _____ | Yes | _____ No |
| NICOLE R. MCNULTY | Answer: | _____ | Yes | _____ No |
| BLUESTAR PROCESSING, INC. | Answer: | _____ | Yes | _____ No |
| CASMIR USA, INC. | Answer: | _____ | Yes | _____ No |

3

Question No. 2

Do you find by a preponderance of the evidence that SKINSCIENCE LABS, INC. has proven that the following defendants are liable for trademark infringement and unfair competition under New York Common Law as to the "DR. DENESE NEW YORK" mark, as to the "DR. DENESE" mark, and as to the as to the "DENESE" mark, by virtue of their offering for sale, selling, or distributing of the following products?

[See liability instruction I.C]

**Dr. Denese Doctor's Night Recovery Cream (2 oz.)**

| | | | | |
|---|---|---|---|---|
| MICHAEL A. MCNULTY | Answer: | ____ | Yes | ____ No |
| JOHN F. MCNULTY | Answer: | ____ | Yes | ____ No |
| LAUREN N. MCNULTY | Answer: | ____ | Yes | ____ No |
| NICOLE R. MCNULTY | Answer: | ____ | Yes | ____ No |
| BLUESTAR PROCESSING, INC. | Answer: | ____ | Yes | ____ No |
| CASMIR USA, INC. | Answer: | ____ | Yes | ____ No |
| MARVIN LEEDS MARKETING SERVICES INC. | Answer: | ____ | Yes | ____ No |

**Dr. Denese Age Corrector Fill & Seal Instant Eye Firming Treatment (2 x 0.5 fl. oz.)**

| | | | | |
|---|---|---|---|---|
| MICHAEL A. MCNULTY | Answer: | ____ | Yes | ____ No |
| JOHN F. MCNULTY | Answer: | ____ | Yes | ____ No |
| LAUREN N. MCNULTY | Answer: | ____ | Yes | ____ No |
| NICOLE R. MCNULTY | Answer: | ____ | Yes | ____ No |
| BLUESTAR PROCESSING, INC. | Answer: | ____ | Yes | ____ No |
| CASMIR USA, INC. | Answer: | ____ | Yes | ____ No |
| MARVIN LEEDS MARKETING SERVICES INC. | Answer: | ____ | Yes | ____ No |

**Dr. Denese Triple Strength Neck Wrinkle Smoother (4 oz.)**

| | | | |
|---|---|---|---|
| MICHAEL A. MCNULTY | Answer: _____ Yes | _____ No |
| JOHN F. MCNULTY | Answer: _____ Yes | _____ No |
| LAUREN N. MCNULTY | Answer: _____ Yes | _____ No |
| NICOLE R. MCNULTY | Answer: _____ Yes | _____ No |
| BLUESTAR PROCESSING, INC. | Answer: _____ Yes | _____ No |
| CASMIR USA, INC. | Answer: _____ Yes | _____ No |
| MARVIN LEEDS MARKETING SERVICES INC. | Answer: _____ Yes | _____ No |

**All of the following:**

**Dr. Denese Triple Strength Neck Wrinkle Smoother (0.5 oz.);**
**Dr. Denese Smart Concealer Duo Compact for Face and Eyes (.21 oz. eye / .27 oz. face);**
**Dr. Denese Smart Concealer Duo Compact for Face and Eyes (.05 oz. eye / .07 oz. face);**
**Dr. Denese Foundation Faker Cream Compact (0.35 oz.);**
**Dr. Denese HydroShield Dream Cream (3.4 oz.);**
**Dr. Denese HydroSeal Hand & Decollete Serum (3 oz.);**
**Dr. Denese Wrinkle Rx Instant Wrinkle Press (0.5 oz.);**
**Dr. Denese SPF 30 Neck Defense Day Cream (2 oz.);**

| | | | |
|---|---|---|---|
| MICHAEL A. MCNULTY | Answer: _____ Yes | _____ No |
| JOHN F. MCNULTY | Answer: _____ Yes | _____ No |
| LAUREN N. MCNULTY | Answer: _____ Yes | _____ No |
| NICOLE R. MCNULTY | Answer: _____ Yes | _____ No |
| BLUESTAR PROCESSING, INC. | Answer: _____ Yes | _____ No |
| CASMIR USA, INC. | Answer: _____ Yes | _____ No |

*(You have now completed the verdict form. The Foreperson will sign this verdict form and notify the bailiff that you have reached a verdict.)*

We, the jury, unanimously answered the preceding questions as instructed on this _____ day of February, 2013.

Signed: _____
                              Foreperson

5

3006119_1.DOC

## **CONCLUSION**

Plaintiff SKINSCIENCE LABS, INC. respectfully requests that the Court adopt the above proposed Jury Charge.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel: 908.654.5000
Fax: 908.654.7866
*Attorneys for Plaintiff SkinScience Labs, Inc.*

Dated: January 11, 2013        By: s/ Gregg. A. Paradise
                                   Gregg A. Paradise
                                   Robert B. Hander
                                   Tel: 908.654.5000
                                   E-mail: gparadise@ldlkm.com
                                           rhander@ldlkm.com
                                           litigation@ldlkm.com

6

3006119_1.DOC