UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SKINSCIENCE LABS, INC.,

            Plaintiff,

    -against-

MICHAEL A. MCNULTY, JOHN M. MCNULTY,
LAUREN N. MCNULTY, NICOLE R. MCNULTY,
BLUESTAR PROCESSING, INC., CASMIR USA, INC.,
ELISSA D. PELUSO and MARVIN LEEDS
MARKETING SERVICES, INC.,

            Defendants.
------------------------------------------------------------X

**ORDER**
**11-CV-5361(SJF)(ARL)**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ JAN 24 2013 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On November 2, 2011, plaintiff Skinscience Labs, Inc. ("plaintiff") commenced this action against defendants Michael A. McNulty, John M. McNulty, Lauren N. McNulty and Nicole R. McNulty (collectively, "the McNultys"), Bluestar Processing, Inc. ("Bluestar") and Casmir USA, Inc. ("Casmir"), alleging, *inter alia*, violations of Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a). On January 31, 2012, plaintiff filed an amended complaint, *inter alia*, adding Summa Trading Company, Inc. ("Summa Trading"), Marvin Leeds Marketing Services, Inc. ("Marvin Leeds"), Elissa D. Peluso ("Peluso") and Morris Moshe Pirzant ("Pirzant") as additional defendants.[1] On March 20, 2012, Peluso filed an answer to the amended complaint and asserted a cross claim against the McNultys for indemnification. On June 11, 2012, upon Peluso's application, the Clerk of the Court entered the McNultys' default

---

[1] On September 13, 2012, final consent judgments and permanent injunctions were entered against Prizant and Peluso, and on October 16, 2012, a final consent judgment and permanent injunction was entered against Summa Trading.

1

on Peluso's cross claim pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On July 23, 2012, Michael A. McNulty, Bluestar and Casmir filed answers to the amended complaint and cross claims asserted against them by Peluso and Summa Trading.[2] On July 27, 2012, the remaining McNultys filed answers to the amended complaint and all cross claims asserted against them. Pending before the Court are: (1) Peluso's motion for the entry of a default judgment against the McNultys on her cross claim pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure; and (2) the McNultys' motions to set aside the Clerk's entry of default against them on Peluso's cross claim pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.[3] For the reasons set forth below, the McNultys' motions are granted and Peluso's motion is denied.

I. Discussion

Rule 55(c) of the Federal Rules of Civil Procedure provides, in relevant part, that "[t]he court may set aside an entry of default for good cause * * *." "In determining whether to set aside a party's default, the district court should consider principally '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a

---

[2] Although Summa Trading moved for a Clerk's entry of default on its cross claim against the McNultys on July 17, 2012, that application was denied on July 26, 2012 for Summa Trading's failure to provide a proposed Clerk's certificate of default. Summa Trading never renewed its application. On July 24, 2012, Michael A. McNulty, Bluestar and Casmir also filed an answer to the cross claim asserted against them by Marvin Leeds.

[3] The motion of Bluestar and Casmir to set aside the Clerk's entry of default against them on Peluso's cross claim (Doc. No. 57) is denied since Peluso only asserted a cross claim against the McNultys and the Clerk never entered the defaults of Bluestar and Casmir on any claim against those defendants in this action.

2

meritorious defense is presented.'" Powerserve International, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)); see also W.B. David & Co., Inc. v. De Beers Centenary AG, No. 11-4609-cv, 2013 WL 106454, at * 1 (2d Cir. Jan. 10, 2013) (summary order); Swarna v. Al-Awadi, 622 F.3d 123, 142 (2d Cir. 2010). With respect to prejudice, "the district court must consider the effect of the delay caused by the defendant's default, such as thwarting [the cross claimant's] recovery or remedy . . ., resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and collusion." Swarna, 622 F.3d at 142 (quotations, alterations and citation omitted). With respect to a meritorious defense, "the defendant must present evidence of facts that, if proven at trial, would constitute a complete defense." Id. (quotations and citation omitted).

"Because there is a preference for resolving disputes on the merits, doubts should be resolved in favor of the defaulting party." Powerserve, 239 F.3d at 514 (quotations and citation omitted); see also W.B. David, 2013 WL 106454, at * 1. "Ultimately, the matter of whether to grant relief from the entry of a default is left to the sound discretion of a district court * * *." Powerserve, 239 F.3d at 514 (quoting Enron Oil, 10 F.3d at 95).

Regardless of whether the McNultys' default was willful, as alleged by Peluso[4], Peluso will not be prejudiced by vacating the McNultys' default on her cross claim against them and the McNultys have a meritorious defense to the cross claim for indemnification because, *inter alia*, the McNultys have since, albeit belatedly, answered the cross claim and participated in discovery and a final consent judgment has been entered on plaintiff's claims against Peluso which does

---

[4] Indeed, Peluso's motion focuses almost exclusively upon the willfulness prong and does not even address the "meritorious defense" prong.

not contain a monetary award to plaintiff from Peluso requiring indemnification by the McNultys. All of Peluso's claims of prejudice relate to her ability to obtain discovery and defend plaintiff's claims against her; issues now rendered moot by the entry of a final consent judgment against Peluso on all of plaintiff's claims against her in this action. Moreover, the only potential relief Peluso can obtain from the McNultys on her cross claim for indemnification is recovery of the costs she expended in defending this action, including attorneys' fees, yet Peluso has submitted no proof of any such amounts on her motion for a default judgment. Accordingly, a default judgment cannot be entered against the McNultys on Peluso's cross claim. See Enron Oil, 10 F.3d at 97 ("[D]efault judgment cannot be entered until the amount of damages has been ascertained."); see also Swarna, 622 F.3d at 140 (construing the district court's entry of a default judgment leaving unresolved the issue of the proper amount of damages to be a non-final entry of default). Therefore, Peluso's motion for a default judgment is denied and the McNultys' motion to set aside the Clerk's entry of default on Peluso's cross claims against them is granted. See, e.g. W.B. David, 2013 WL 106454, at * 1 (finding that the district court did not abuse its discretion in vacating the Clerk's entry of default, notwithstanding its determination that it was "questionable" whether the defendants' default was willful, since the defendants had a meritorious defense and the plaintiff would not suffer prejudice as a result of vacating the entry of default); Swarna, 622 F.3d at 143 (finding that it was not necessary to address all three (3) prongs where the entry of a default judgment failed on at least one (1) of the prongs).

II. Conclusion

For the reasons set forth above, Peluso's motion for the entry of a default judgment on her

4

cross claim against the McNultys pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure is denied and the McNultys' motions to set aside the Clerk's entry of default on Peluso's cross claim against them pursuant to Rule 55(c) of the Federal Rules of Civil Procedure are granted.

SO ORDERED.

s/ Sandra J. Feuerstein
SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 31, 2013
Central Islip, New York