Document Filed Electronically

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKINSCIENCE LABS, INC., | Civil Docket: 2:11-cv-05361-SJF-ARL |
| Plaintiff, | District Judge Sandra J. Feuerstein |
| v. | Magistrate Judge Arlene R. Lindsay |
| MICHAEL A. MCNULTY, JOHN F. MCNULTY, LAUREN N. MCNULTY, NICOLE R. MCNULTY, BLUESTAR PROCESSING, INC., CASMIR USA, INC., SUMMA TRADING COMPANY INC., MARVIN LEEDS MARKETING SERVICES INC., MORRIS MOSHE PRIZANT, and ELISSA D. PELUSO, | **FILED** IN CLERK'S OFFICE U S DISTRICT COURT E D N Y ★ JAN 2 8 2013 ★ **LONG ISLAND OFFICE** |
| Defendants. | |

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff, SkinScience Labs, Inc. (hereinafter "SSL"), having filed an Amended Complaint in this action charging defendants Michael A. McNulty, John F. McNulty, BlueStar Processing, Inc., and Casmir USA, Inc. (hereinafter collectively referred to as "Defendants") with federal trademark infringement, federal false designation of origin and unfair competition, and common law trademark infringement and unfair competition, and the parties desiring to settle the controversy between them:

It is, upon the consent of SSL and Defendants, hereby **ORDERED, ADJUDGED AND DECREED**:

1. This Court has jurisdiction over SSL, Defendants, and the subject matter of this action pursuant to 15 U.S.C. §§ 1116 and 1121, and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367. Venue in this district is proper pursuant to 28 U.S.C. § 1391. Service was properly made against Defendants and Defendants do not contest service or jurisdiction.



2. SSL is a corporation organized and existing under the laws of the State of New York with a place of business at 725 Grand Avenue, Suite 201, Ridgefield, New Jersey 07657-1045. SSL is engaged, *inter alia,* in the manufacture, sale, and distribution of high quality skin care and cosmetic products.

3. SSL is the owner of all rights in and to numerous federal trademark applications and registrations including, but not limited to, the following Trademark Registration No. 3,287,587 for the mark DR. DENESE; Trademark Registration No. 3,923,601 for the mark DENESE; Trademark Registration No. 3,003,200 for the mark SKINSOLUTIONS BY DR. DENESE, M.D.; Trademark Registration No. 3,028,108 for the mark DR. DENESE NEW YORK; and Trademark Registration No. 3,287,579 for the mark DR. ADRIENNE DENESE. SSL's trademarks, including without limitation those specifically identified hereinabove, are hereinafter collectively referred to as the "SSL Marks." True and correct copies of the Certificates of Registration issued by the United States Patent and Trademark Office evidencing the referenced trademark registrations are attached hereto to as Exhibit A.

4. The SSL Marks are in full force and effect; and the Trademarks thereof and the goodwill of SSL's businesses in connection with which the trademarks are used have never been abandoned. The SSL Marks have been featured on a variety of skin care and cosmetic products offered by SSL, and have come to be known as source identifiers for SSL products.

5. Defendants are engaged, in part, in the business of advertising, promoting, distributing, offering for sale and selling skin care and cosmetic products. SSL has alleged that Defendants have distributed, offered for sale and sold products that feature counterfeits and infringements of one or more of the SSL Marks (the "Infringing Products").

2

6.  In order to avoid continued litigation and without admitting to any wrongdoing Defendants and their employees, attorneys, partners, agents, assigns, affiliates, related entities, and any persons or entities acting under their direction or control, or in active concert or participation with them are IMMEDIATELY and PERMANENTLY ENJOINED and restrained throughout the world from:

>   a.  Manufacturing, distributing, advertising, selling, or offering for sale any products that bear the SSL Marks;
>
>   b.  Using the SSL Marks in connection with the manufacturing, distributing, advertising, selling, or offering for sale of any products;
>
>   c.  Using any reproduction, counterfeit, copy or colorable imitation or designation substantially similar to the SSL Marks in connection with the manufacturing, distributing, advertising, selling, or offering for sale of any products;
>
>   d.  Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure SSL's business reputations or dilute the distinctive quality of the SSL Marks;
>
>   e.  Using a false description or representation including words or other symbols tending to falsely describe or represent Summa's products as being those of SSL or sponsored by or associated with SSL and from offering such products into commerce;

f.  Using any simulation, reproduction, counterfeit, copy, colorable imitation or substantially similar designation of the SSL Marks in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to SSL, or to any products sold, manufactured, sponsored or approved by, or connected with SSL;

g.  Secreting, destroying, altering, removing, or otherwise dealing with the Infringing Products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of any products which bear the SSL Marks;

h.  Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs "a" through "g", above, including without limitation assisting, aiding or abetting any other person or business entity from engaging in or performing any of the above-described acts.

7.  In the event any of the Defendants (or any of their employees, attorneys, partners, agents, assigns, affiliates, related entities, and any persons or entities acting under their direction or control) are found to have breached the terms of this Consent Final Judgment and Permanent Injunction, Defendants will be jointly and severally liable for any and all reasonable legal fees, expenses and costs incurred by SSL in the enforcement of this Consent Final Judgment and Permanent Injunction.

4

8. This Consent Final Judgment and Permanent Injunction is binding on SSL, Defendants, and their representatives, subsidiaries, divisions, successors, heirs, assigns, and all those acting in concert or participation with them or under their direction or control.

9. In the event of a breach of any provision of this Consent Final Judgment and Permanent Injunction, Defendants each agree that this Court shall have sole and exclusive jurisdiction over the parties with respect thereto.

10. Each of the Defendants waives appeal of this Consent Final Judgment and Permanent Injunction. This waiver is strictly limited to the above-captioned docket number and within case and controversy.

11. This document shall be deemed to have been served upon each of the Defendants at the time of its execution by the Court.

12. This Court retains jurisdiction for the enforcement of this Consent Final Judgment and Permanent Injunction, for the purpose of making any further orders necessary or proper for the construction or modification of the Settlement Agreement between the parties, this Judgment, the enforcement thereof and the punishment of any violations thereof.

13. Each party to this Consent Final Judgment and Permanent Injunction shall bear its own costs and attorneys' fees incurred in connection with this action.

14. This document is a Final Judgment under Fed. R. Civ. P. 54(b) and the Court, having determined that there is no just reason for delay, directs the Clerk to enter Final Judgment.

## CONSENTS

Plaintiff, SkinScience Labs, Inc., by and through the undersigned having full authority to bind the company, hereby consents to the issuance and entry of a Consent Final Judgment and Permanent Injunction in the form and content as set forth above without further notice.

Dated: January 25, 2013

SKINSCIENCE LABS, INC.

By: _____

Print: Robert R. Preston

Title: Director

Bluestar Processing, Inc., by and through the undersigned having full authority to bind the company, hereby consents to the issuance and entry of a Consent Final Judgment and Permanent Injunction in the form and content as set forth above without further notice.

Dated: January 27, 2013

BLUESTAR PROCESSING, INC.

By: _____

Print: Michael McNulty

Title: VP

Casmir USA Inc., by and through the undersigned having full authority to bind the company, hereby consents to the issuance and entry of a Consent Final Judgment and Permanent Injunction in the form and content as set forth above without further notice.

Dated: January 27, 2013

CASMIR USA, INC.

By: _____

Print: Michael McNulty

Title: PRES.

6

Michael A. McNulty hereby consents to the issuance and entry of a Consent Final Judgment and Permanent Injunction in the form and content as set forth above without further notice.

Dated: January 27, 2013

_____
MICHAEL A. MCNULTY

John F. McNulty hereby consents to the issuance and entry of a Consent Final Judgment and Permanent Injunction in the form and content as set forth above without further notice.

Dated: January 27, 2013

_____
JOHN F. MCNULTY

SO ORDERED:

Dated: 1/28/13
Central Islip, New York

s/ Sandra J. Feuerstein
Sandra J. Feuerstein, U.S.D.J.